UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RECEIVED
SDNY PRO SE OFFICE
2025 FEB -4  PM 12: 52

**Justina Vitalis,**
Plaintiff,

v.

**IC SYSTEM, INC.,**
Defendant.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 15 U.S.C. § 1681s-2(b) AND 15 U.S.C. § 1692e(8)**

## INTRODUCTION

1. Plaintiff Justina Vitalis, residing at 99 Wall St, STE #4412, New York, NY 10005, brings this action against IC System, Inc. ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.
2. Plaintiff alleges that Defendant failed to conduct a reasonable investigation of Plaintiff's dispute, failed to report the debt as disputed to consumer reporting agencies, and failed to fulfill its statutory obligations, causing harm to Plaintiff's creditworthiness, emotional well-being, and financial reputation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 as this action arises under federal law.
4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this jurisdiction, and the events giving rise to this claim occurred within this jurisdiction.

## PARTIES

5. Plaintiff Justina Vitalis is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant IC System, Inc. is a debt collection company and data furnisher that regularly furnishes information to consumer reporting agencies. Defendant's principal place of business is located at 444 Highway 96 E, Saint Paul, MN 55127-2557.

## FACTUAL ALLEGATIONS

7. Plaintiff's credit report contained inaccurate and incomplete information regarding a debt allegedly owed to Defendant. Specifically:
   - Account Name: IC System, Inc.
   - Account Number: 160261XXX
   - Alleged Amount of Debt: $1,936
8. On or about February 2024, Plaintiff sent a written dispute directly to IC System, Inc., disputing the validity of the alleged debt pursuant to the Fair Debt Collection Practices Act (FDCPA).
9. Under **15 U.S.C. § 1692e(8)**, Defendant was required to notify consumer reporting agencies that the debt was disputed.
10. Defendant failed to notify the consumer reporting agencies that the debt was disputed, violating its obligations under the FDCPA.
11. On or about March 16, 2024, Plaintiff submitted a dispute to Experian, a consumer reporting agency, contesting the accuracy of the information furnished by Defendant.
12. Experian, as required under the FCRA, notified Defendant of the dispute, triggering Defendant's obligations under **15 U.S.C. § 1681s-2(b)**.
13. Pursuant to **15 U.S.C. § 1681s-2(b)**, Defendant was required to:
    a. Conduct a reasonable investigation into the disputed information;
    b. Review all relevant information provided by the consumer reporting agency;
    c. Verify the accuracy and completeness of the information; and
    d. Report the results of the investigation back to the consumer reporting agency.
14. Defendant failed to provide account-level documentation to verify the alleged debt or substantiate its accuracy, thereby failing to conduct a reasonable investigation as required by law.
15. Defendant failed to comply with the standards set forth in **Johnson v. MBNA America Bank, N.A., 357 F.3d 426 (4th Cir. 2004)**, which established that furnishers have a duty to conduct a "reasonable investigation" upon receiving notice of a dispute.
16. Defendant did not contact Plaintiff for additional information regarding the dispute, further evidencing its failure to conduct a reasonable investigation.
17. Defendant has a documented history of failing to adequately investigate consumer disputes, as evidenced by numerous complaints filed with the Consumer Financial Protection Bureau (CFPB).
18. Defendant did not contact the original creditor to verify the accuracy of the disputed information.
19. Defendant continued to report inaccurate information to Experian, despite being notified of the dispute.
20. Defendant's failure to conduct a reasonable investigation caused the disputed information to remain on Plaintiff's credit report, misleading third parties.

21. Plaintiff has suffered emotional distress due to the harm caused by Defendant's failure to resolve the dispute.
22. Plaintiff has been denied credit opportunities as a result of Defendant's actions.
23. Plaintiff's credit score has been negatively impacted due to Defendant's actions.
24. Defendant's conduct has resulted in Plaintiff being subjected to higher interest rates on credit products.
25. Plaintiff has incurred costs and expenses, including postage and document preparation fees, to address the dispute.
26. Defendant's actions caused Plaintiff embarrassment and anxiety.
27. Defendant's willful and negligent actions demonstrate a pattern of disregard for its obligations under federal law.
28. Plaintiff has spent significant time and effort attempting to resolve the dispute without success.
29. Defendant's failure to report the debt as disputed misled creditors and potential lenders reviewing Plaintiff's credit report.
30. Defendant did not review all relevant information provided by Experian regarding Plaintiff's dispute.
31. Defendant failed to implement reasonable procedures to ensure compliance with the FCRA and FDCPA.
32. Defendant's failure to act has prolonged the negative impact on Plaintiff's credit and financial well-being.
33. Plaintiff seeks compensation for damages incurred as a result of Defendant's willful and negligent non-compliance with the FCRA and FDCPA.

## COUNT I – VIOLATION OF THE FCRA, 15 U.S.C. § 1681s-2(b)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
35. Defendant failed to conduct a reasonable investigation into Plaintiff's dispute as required by **15 U.S.C. § 1681s-2(b)**.
36. Defendant relied solely on its internal records without considering additional relevant information provided by Plaintiff through Experian, violating its duty under the FCRA.
37. Defendant's actions are inconsistent with the duty of care established in **Johnson v. MBNA America Bank, N.A.**, which requires furnishers to investigate beyond their own internal records.
38. Defendant's willful and negligent conduct caused harm to Plaintiff, entitling her to actual, statutory, and punitive damages under **15 U.S.C. §§ 1681n and 1681o**.

## COUNT II – VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(8)

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Defendant violated **15 U.S.C. § 1692e(8)** by failing to notify consumer reporting agencies that the alleged debt was disputed after receiving Plaintiff's written dispute in February 2024.
41. Defendant's failure to mark the debt as disputed misled consumer reporting agencies, creditors, and third parties, damaging Plaintiff's creditworthiness.
42. Defendant's conduct was misleading, deceptive, and in direct violation of its duties under the FDCPA.
43. Plaintiff is entitled to actual damages, statutory damages of up to $1,000, and reasonable attorney's fees under **15 U.S.C. § 1692k**.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant's actions violated the FCRA and FDCPA;
2. Award actual damages to Plaintiff in an amount to be determined at trial;
3. Award statutory damages under **15 U.S.C. § 1681n** and **15 U.S.C. § 1692k**;
4. Award punitive damages under **15 U.S.C. § 1681n**;
5. Award reasonable attorney's fees and costs of litigation under **15 U.S.C. § 1681n, 1681o, and 1692k**;
6. Grant injunctive relief requiring Defendant to remove or correct all inaccurate information reported to consumer reporting agencies; and
7. Grant any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** January 8, 2025

Respectfully submitted,

**Justina Vitalis**
99 Wall St, STE #4412
New York, NY 10005
Email: justinavitalis14@gmail.com